IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION OF THE UNITED STATES AND CANADA LOCAL UNION NO. 8 | : : : : : | CIVIL ACTION<br><br>No. 09-1170 |
| v. | : : | |
| JPG GENERAL CONTRACTING, INC., et al. | : | |

## ORDER

AND NOW, this 13th day of September, 2010, it is ORDERED the Motion to Amend Complaint filed by Plaintiff Operative Plasterers and Cement Masons International Association of the United States and Canada, Local Union No. 8 (Document 31) is GRANTED.[1]

---

[1] In its original Complaint, Plaintiff sues Defendants Cimorelli Construction, Inc. (Cimorelli) and JPG General Contracting, Inc. (JPG), an alleged alter ego of Cimorelli, for breach of a collective bargaining agreement between Plaintiff and Cimorelli. Plaintiff seeks leave to amend the Complaint to add an additional defendant, DJM Construction Services, Inc. (DJM), another alleged alter ego of Cimorelli, and additional claims relating to the Defendants' alleged breach of their collective bargaining obligations.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course at the early stages of litigation and afterward "only with the opposing party's written consent or the court's leave," which leave should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). "[T]he liberal pleading philosophy of the federal rules . . . limit[s] a district court's discretion to deny leave to amend." *Bjorgung v. Whitetail Resort, L.P.*, 550 F.3d 263, 266 (3d Cir. 2008). A district court may deny leave to amend "only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party," *id.*, or if the proposed amendment fails to state a cause of action, *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

Federal Rule of Civil Procedure 18(a) permits a party asserting a claim to "join, as independent or alternative claims, as many claims as it has against an opposing party." Federal Rule of Civil Procedure 20(a) permits joinder of defendants in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

JPG and Cimorelli do not oppose Plaintiff's Motion to Amend on the basis that joinder of Plaintiff's claims against DJM would be improper under Rule 18(a) or Rule 20(a). Rather, they assert the timing of the motion is indicative of bad faith because Plaintiff learned of the existence of DJM during depositions in March and April 2010 but did not file the instant Motion to Amend

It is further ORDERED Defendants' Motion for Leave to File Non-Conforming Motion (Document 33) is GRANTED.

It is further ORDERED Defendants' Motion for Summary Judgment (Document 34) is DENIED.

It is further ORDERED Plaintiff's First Motion for Summary Judgment (Document 35) is DENIED in part. The Motion is denied insofar as it seeks summary judgment as to Plaintiff's claims against Defendants. The Court reserves ruling on the Motion to the extent it seeks summary judgment as to Defendants' counterclaims.

It is further ORDERED a teleconference shall take place on September 15, 2010, at 8:45 a.m. to discuss sequencing of the trial of this case so as to permit trial of Plaintiff's claims against JPG and Cimorelli to go forward as scheduled on September 27, 2010. Counsel for the Plaintiff shall initiate the call.

---

until June 30, 2010, five days after the close of discovery. Even assuming Plaintiff learned of the existence of DJM as early as March 2010, the Court cannot say the three-month delay in seeking leave to amend amounts to bad faith, particularly where the Amended Scheduling Order in the case set a June 30, 2010, deadline for "Additional Parties and Amendments to the Complaint." JPG and Cimorelli also suggest the exhibits to Plaintiffs' motion establish that DJM is not an alter ego of Cimorelli; however, the facts relevant to DJM's alleged alter ego status are disputed, and the Court cannot conclude Plaintiff's proposed amendment would be futile. Finally, JPG and Cimorelli argue they will suffer prejudice if amendment is permitted because "disposition of JPG's and Cimorelli's cases will be unjustifiably delayed" and "all defendants would be compelled to go to trial without adequate discovery." As to the former concern, the Court intends to hold the parties to the September 27, 2010, trial date so the trial of Plaintiff's claims against JPG and Cimorelli will not be delayed. The parties do not contend additional discovery is necessary as to those claims, which are the subject of the parties' cross-motions for summary judgment. To the extent additional discovery is necessary as a result of the addition of DJM as a defendant, the Court will consider sequencing the trial of this case so as to permit such discovery to be taken before Plaintiff's claims against DJM are tried.

BY THE COURT:


   /s/ Juan R. Sánchez   
Juan R. Sánchez, J.